## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## Miami Division

ALEX M. CAVE,

    Plaintiff,

v.

JULIE L. JONES, in her individual and official capacity as Secretary of the Florida Department of Corrections; WEXFORD HEALTH SOURCES, INC., an out of state corporation registered and doing business in Florida; DR. DORA A. GAXIOLA, in her individual and official capacity; RICKY ROWE, in his individual and official capacity; DR. OSCAR ORTEGA, in his individual and official capacity; MARIE LOUISSANT, in her individual and official capacity; JOHN DOE NO. 1, in his individual and official capacity; JOHN DOE NO. 2, in his individual and official capacity; CPT. GREGORY HINES, in his individual and official capacity, SGT. MONTEL, in his individual and official capacity; SGT. PATTON, in his individual and official capacity; OFF. WILLIAMS, in his individual and official capacity; and OFF. ALEXZANDER, in his individual and official capacity;

    Defendants.

Case No. 18-CV-21587-UU

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S, RICKY ROWE, MOTION TO DISMISS AMENDED COMPLAINT**

The Plaintiff, Alex M. Cave (the "Plaintiff" or "Cave"), by and through his undersigned counsel, hereby opposes the Defendant's, Ricky Rowe (the "Defendant" or "Rowe"), Motion to Dismiss (the "Motion") and submits the following Response in Opposition ("Response").

1

I.   INTRODUCTION

On June 22, 2018, Cave filed his First Amended Complaint [DE 23] asserting two counts: (i) a civil rights claim pursuant to 42 U.S.C. §§ 1983, 1988 and the Eight Amendment of the United States Constitution, and (ii) a claim of negligence pursuant to Florida common law.  On July 5, 2018, Rowe filed his Motion pursuant to Fed. R. Civ. P. 12(b)(6) and 12(f).  [DE 31] at 1. Rowe alleges that: (i) Cave failed to state a claim of deliberate indifference; (ii) Rowe is immune from negligence claims pursuant to Florida law; (iii) Cave has failed to comply with pre-suit requirements pursuant to Florida law; (iv) Cave failed to exhaust his administrative remedies prior to filing suit; and (v) Cave's punitive damages claims are not supported by fact or law. *See* [DE 31] at 2-3.

Accepting Cave's factual averments as true and drawing from its own experience and common sense, the Court should find the claims legally sufficient for four reasons.  <u>First</u>, Cave states a claim of deliberate indifference.  <u>Second</u>, Rowe is not shielded by any immunity provision as he exhibited deliberate, wanton and willful disregard of Plaintiff's human rights and safety.  <u>Third</u>, Cave asserted that he filed grievances and that all conditions precedent had been met or waived.  <u>Fourth</u>, Cave's punitive damages claims are supported by both fact and law.

Rowe was responsible for providing medical care to prisoners at Everglades Corrections Institution ("Everglades CI").  Nevertheless, Rowe and fellow medical providers at Everglades CI abrogated their responsibility in order to advance their employer's - Wexford Health Services, Inc. ("Wexford") - policy or practice of reducing operating costs and maximizing profits by refusing medical treatment and pain medication.  Specifically, Cave alleged among others that Rowe (i) abdicated his responsibility to examine him; (ii) ignored his life-threatening condition; (iii) failed to provide ambulance services; and (iv) ignored valid requests to be brought to an

outside hospital for treatment. Rowe knew that his actions objectively and subjectively posed a substantial risk of harm to Cave. The complaint states a causal connection between Rowe's actions and the damages Cave suffered. Cave avers that all conditions precedent necessary to filing of the action have been satisfied. Furthermore, Cave is entitled to plead both federal and state counts in the alternative. The Defendant's motion to dismiss should therefore be denied.

## II.      FACTUAL BACKGROUND

At the time of the incidents at issue, Cave was an inmate at the Everglades Correctional Institution ("Everglades CI") in Miami, Florida. (¶ 6). Wexford Health is a for-profit corporation with a principal place of business in Pennsylvania. (¶ 9). Since March 24, 2013, Wexford has contracted with the Florida Department of Corrections ("FDOC") to provide medical and mental health care services to all persons confined in Everglades CI. *Id*. At the time of this incident, all medical professionals (including doctors and nurses) at Everglades CI were employed by Wexford. (¶ 10). Wexford's employees included, among others, Dr. Dora Gaxiola ("Gaxiola"), LPN Ricky Rowe ("Rowe"), Dr. Oscar Ortega, and RN Marie Louissant ("Louissant"). (¶¶ 11-14). Wexford is responsible for the care of inmates at Everglades CI. (¶ 24). Wexford and its agents acted under color of state law. (¶ 25).

Inmates at Everglades CI are completely dependent upon Wexford and the other named Defendants to provide them with their physical security and medical care. (¶¶ 27, 29). Prisoners are not free to seek their own care, even if they pay for it. (¶ 30). If a prisoner has a medical issue, he can access sick call, where he usually sees a nurse. (¶ 31). The nurse can refer the prisoner for an appointment with the institution physician. (¶ 31). If the physician believes a consult with a specialist is needed, the physician can request a consultation. *Id*. That request is forwarded to the Utilization Management ("UM") in Tallahassee, which is controlled by

Defendants to include Wexford. *Id.* UM can either approve or deny the request. *Id.* In an emergency - or life-threatening - situations, inmates are allowed to receive surgery. (¶ 32).

In the afternoon of April 22, 2014, multiple inmates assaulted and knocked Cave unconscious while he was using the bathroom of the recreation yard at Everglades CI. (¶ 35). While Cave was unconscious, these inmates shoved a long, metal rod into his rectum. (¶¶ 35, 78). After Cave became conscious, he dressed himself, was in a lot of pain, and went back to his cell. (¶¶ 36, 37 and 43.) As soon as he sat down on his bed, Cave felt intense pain coming from his rectum and stomach areas. (¶ 44). Cave immediately tried to get to the medical unit, and he arrived there at approximately 5:30 p.m. (¶ 47).

When Cave reached the medical unit, he was seen by the attending nurse, Rowe. (¶ 48). Cave had multiple marks, scratches, abrasions, and lumps on him. (¶ 59). Nevertheless, when Cave explained the assault and his pain, Rowe immediately and without assessment stated, "I don't believe you." (¶¶ 49, 51). As Cave refused to leave the medical unit, Rowe left the room to get multiple corrections officers. (¶ 50). Instead of performing his own assessment, Rowe had corrections officers evaluate Cave. (¶¶ 51-54). At some point, Rowe noted that Cave's medical condition was "life-threatening." (¶ 63). Instead of calling for an ambulance, however, Rowe notified Gaxiola about the situation approximately two hours after Cave first reported to the medical unit. (¶ 61).

No doctor was present at Everglades CI at this time. (¶ 55). Gaxiola was on-call but she did not come to Everglades CI to evaluate Cave. (¶ 56-57). Cave kept telling Rowe that he was in intense pain and needed to be brought to the emergency room. (¶ 65). Nevertheless, Cave was kept standing for hours at the medical unit (because he could not sit with a metal rod left in his abdomen) while Wexford and FDOC tried to determine who would pay for the emergency

4

medical services and ambulance. (¶¶ 64, 67). Even one local law enforcement officer at the scene stated "this is wrong," regarding the length of time Cave was forced to wait. (¶ 70.) Wexford never authorized an ambulance to take Cave to Jackson Memorial Hospital. (¶¶ 68, 71).

Wexford has a policy or practice of minimizing medical treatment to lower costs, even in life-threatening conditions. (¶ 118). The reason for this policy is that Wexford is attempting to maximize profits by denying pain relief and medical services as well as shifting the costs for medical and ambulance services to others. (¶¶ 67, 115). Wexford did not have a doctor present at Everglades CI, nor did a doctor ever come to Everglades CI to assess Cave on April 22, 2014. (¶ 56-57). This policy or practice includes refusing to call an ambulance when inmates like Cave present with a life-threatening condition. (¶¶ 68, 120). Wexford's policy or practice, as implemented by its employees, caused Cave to wait from 5:30 p.m. to 11:30 p.m. on April 22, 2014 before being allowed to leave Everglades CI for the emergency room at Jackson Memorial Hospital. (¶ 69). Moreover, Cave did not arrive at Jackson Memorial Hospital until approximately 1:30 a.m. on April 23, 2014. (¶ 77).

At Jackson Memorial Hospital, the response was immediate to Cave's symptoms. (¶ 78). Cave was immediately rushed to the emergency room. *Id.* He was immediately prepped for surgery, and he received a colostomy. (¶ 79). After the surgery, the treating doctor told Cave, "[i]f you were brought here earlier, the colostomy could have been prevented." (¶ 80). Cave remained at the hospital for multiple days following the surgery. (¶ 81).

Even after Cave returned to Everglades CI, Wexford's employees continued to deny basic services and medication to Cave resulting from his surgery. (¶¶ 86-89, 91-93, 98-104). On May 9, 2014, Cave bled excessively into his colostomy bag and declared a medical emergency. (¶ 84). Cave's situation was relayed to the on-call medical provider, Louissant; however,

Louissant did not come in to Everglades CI to see Cave. (¶ 87). Instead, Louissant denied any pain medication and simply ordered Cave back to confinement without any examination. (¶ 88). On May 10, 2014, Cave again excessively bled into his colostomy bag and a corrections officer declared a medical emergency. (¶ 90). After Cave was brought to the medical unit on a stretcher, he had to wait for approximately three hours for Gaxiola, the on-call physician, to arrive. (¶ 91). Gaxiola again did not evaluate, let alone speak with, Cave. (¶ 92). Instead, Cave was returned to his cell in severe pain. (¶ 93). On May 12, 2014, Cave had a third incident of excessive bleeding into this colostomy bag that was declared a medical emergency. (¶¶ 94, 98). Despite being in severe pain, Cave was denied any pain medication. (¶ 102). Cave requested to be brought to an outside hospital to determine why he was bleeding so excessively; but, Ortega ignored his request. (¶ 101). Ortega followed Wexford's cost-cutting policy and intended to cause Cave harm. (¶ 102). Ortega ordered that Cave be shackled to his bed in the infirmary despite the advice of a corrections officer. (¶ 103). Cave was the only inmate handcuffed to his bed in general population. *Id.*

Despite filing grievances in this mater, the warden, corrections officers, and medical staff did not properly investigate the responses to his medical emergency. (¶ 114). The FDOC and Everglades CI did not investigate the matter adequately. (¶ 109). The warden, corrections officers, and medical staff at Everglades CI did not properly investigate or answer Cave's grievances. (¶ 110). Cave was denied medical treatment and pain relief due to the fact that Wexford wanted to make as much money by denying basic pain relief and medical services on his case. (¶ 115). Cave suffered from pain and emotional distress resulting from the assault and corresponding medical response by Wexford and its agents. (¶ 82). Wexford and its agents, to include Rowe, acted outside the scope of its duties and in an arbitrary manner. (¶ 26). Finally,

Cave avers that all conditions precedent necessary to the filing of this action have been satisfied or waived. (¶ 34.)

### III. LEGAL STANDARD

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. The court is permitted to draw on its experience and common sense when determining whether a complaint states a plausible claim. *Id.* at 664. "[D]etailed factual allegations" are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court considers the complaint in its entirety, including matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *Ancata v. Prison Health Servs., Inc.*, 769 F. 2d 700, 703 (11th Cir. 1985). A "heightened pleading standard" does not apply to civil cases alleging liability under 42 U.S.C. § 1983. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993). In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Omar ex. rel. Cannon v. Lindsey*, 334 F. 3d 1246, 1247 (11th Cir. 2003).

### IV. ARGUMENT

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

7

> secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . . .

42 U.S.C. § 1983. A claim under § 1983 therefore requires: (i) a violation of a right secured by the Constitution or laws of the United States, and (ii) that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The limitations and scrutiny of the Eighth Amendment are applicable to the States through the Fourteenth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). It is settled law that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The Eighth Amendment embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency against which penal measures are evaluated. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Punishments which involve the unnecessary and wanton infliction of pain are repugnant to the Eighth Amendment. *Id.* at 103. The government is obligated to provide medical care for those whom it is punishing by incarceration. *Id.* Even less serious cases, where the denial of medical care may result in pain and suffering, fail to serve any penological purpose. *Id.* The deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain." *Id.* at 104. This is true whether the indifference is manifested by prison doctors in their response to prisoner's needs or by prison guards intentionally delaying access to medical care or intentionally interfering with prescribed treatment. *Estelle*, 429 U.S. at 105. For damages and injunctive relief, the failure to give advance notice is not dispositive. *Farmer*, 511 U.S. at 847. A plaintiff may establish a defendant's awareness by reliance on any relevant evidence. *Id.*

    **A.**    **Cave Sufficiently States A Claim Of Deliberate Indifference Against Rowe.**

        1.    <u>Rowe is Subject to Section 1983 Liability for Ignoring Medical Requests and Denying and Delaying an Outside Referral to an Inmate in Serious Medical Need.</u>

Rowe is subject to liability under 42 U.S.C. §1983 for denying and delaying Cave's request for medical treatment at an emergency room while in a life-threatening condition. *See Estelle*, 429 U.S. at 104; *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988). "Deliberate indifference to serious medical needs is shown when . . . an inmate is denied access to medical personnel capable of evaluating the need for treatment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). Here, the Defendant does not argue against the proposition that Cave was in serious medical need on May 12, 2014. *See* [DE 31]. Rowe even noted in his medical records that Cave was suffering from a life-threatening medical condition. However, when Cave asked to be brought to be evaluated and brought to an outside hospital, Rowe did not act. Instead, Rowe abdicated his duties and had corrections officers examine Cave. Cave kept asking Rowe to be brought to the emergency room to no avail. Rowe was following Wexford's policy of cost-cutting and profit-maximizing to Cave's detriment. Cave alleges that Rowe waited two hours to contact the on-call doctor during this life-threatening emergency. That alone is enough to qualify as deliberate indifference. Finally, Cave alleges that he was told at Jackson Memorial Hospital that had he been brought in earlier, he could have avoided the need for a colostomy. As such, Rowe objectively and subjectively acted with deliberate indifference. The Defendant's motion to dismiss should therefore be denied with respect to Count I.

        2.    <u>Rowe is Subject to Section 1983 Liability for Denying Necessary Medical Treatment for Non-Medical Reasons.</u>

Rowe is subject to liability under 42 U.S.C. § 1983 for denying necessary medical treatment for non-medical reasons. *See Ancata*, 769 F.2d at 704. In *Ancata*, the plaintiff alleged

that the defendants failed to secure medical care for an inmate because he would not pay. *Id.* The plaintiff alleged that the inmate was indigent and that the defendants put the financial interest of the medical provider ahead of the serious medical needs of the inmate. *Id.* The defendants moved to dismiss for failure to state a claim and the district court dismissed all counts. *Id.* at 701-702. On appeal, the Eleventh Circuit reversed the decision of the district court, stating: "[w]hen the allegations indicate this type of indifference, dismissal prior to discovery is premature." *Id.* at 704.

Here, Cave alleges that Rowe's failure to evaluate and provide access to an adequate medical provider was done purely for a non-medical reason. Rowe's employer, Wexford, had a policy or practice of denying or delaying as much medical treatment as possible to lower operating costs. The denial of a referral to an outside provider who could actually determine the cause and extent of Cave's injuries was also done to effectuate this policy. As Cave has alleged that Rowe denied him necessary medical treatment for non-medical reasons, he should be allowed to move forward with discovery. The Defendant's motion to dismiss should therefore be denied.

### B. Rowe Is Not Immune As He Acted In A Manner Exhibiting Wanton And Willful Disregard of Plaintiff's Human Rights And Safety.

Rowe is not immune to Plaintiff's negligence claims as it acted in a manner exhibiting wanton and willful disregard of Cave's human rights and safety. Pursuant to Florida Statutes § 768.28(9)(a):

> **No officer, employee, or agent of the state** or of any of its subdivisions **shall be held personally liable in tort** or named as a party defendant in any action for any injury or damage suffered **as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety**, or property. However, such officer, employee, or agent shall be considered an adverse witness in a tort action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function. The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or

> constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

(emphasis added). Additionally, section 768.28(10)(a) states:

> **Health care providers** or vendors, or any of their employees or agents, **that have contractually agreed to act as agents of the Department of Corrections to provide health care services to inmates** of the state correctional system **shall be considered agents** of the State of Florida, Department of Corrections, for the purposes of this section, **while acting within the scope of and pursuant to guidelines established in said contract or by rule.** The contracts shall provide for the indemnification of the state by the agent for any liabilities incurred up to the limits set out in this chapter.

(emphasis added). Here, the only guideline or duty alleged was Wexford's and its employees', requirement to provide medical and mental health care services to all persons confined in Everglades CI. *See* (¶ 9). Rowe failed to argue that he acted within the scope of and pursuant to guidelines established in Wexford's contract with FDOC. Moreover, he cannot. Discovery has not yet begun in this matter, and Rowe cannot assert in his initial responsive pleading that he acted within guidelines he fails to mention or of which the court is unaware.

Cave has also alleged sufficient facts showing that Rowe abrogated his contractual duty to provide medical services. *See supra* at 6. Cave alleged that the Rowe acted outside the scope of his duties. Rowe's attempt to reframe the issue as one of medical malpractice should also be denied. This case is about the absence of judgment and the lack of treatment. Plaintiff's claims are not that Rowe made a medical error, but that, for improper reasons unrelated to medical judgment or performance (i.e. anger toward Cave, punishment for seeking treatment and pain relief, and denial of referrals to save costs for his employer) he consciously chose not to provide the needed care. *See Kellar v. Fla. Dep't of Corr.*, 4:14-cv-84-RH-GRJ, 2015 U.S. Dist. LEXIS 163636, *29 (N.D. Fl. Oct. 1, 2015). The key inquiry is whether the action arises out of medical

11

diagnosis, treatment, or care and if there is any doubt as to the applicability of such a statute, the question is generally resolved in favor of the claimant. *J.B. v. Sacred Heart Hosp.*, 635 So. 2d 945, 946 (Fla. 1994) (finding that the negligent use of non-patient brother as a transporter for the patient not medical treatment). The factual allegations and reasonable inferences drawn therefrom evidence wanton and willful disregard of Cave's human rights and safety by keeping him in unnecessary pain and subjecting him to fear and risk of bodily harm. Rowe is therefore not immunized or entitled to hide his liability behind sections 768.28 and 766.106, or their notice provisions. For all the aforementioned reasons, the Court should deny Rowe's motion to dismiss with respect to both counts.

    **C.**    **Cave Asserted that All Conditions Precedent Had Been Satisfied Or Waived.**

Cave asserted that all conditions precedent necessary to the filing of the action had been satisfied or waived. (¶ 34). Cave asserted that the warden, corrections officers, and medical staff at Everglades CI did not answer his grievances. (¶ 110). As such, the Court must accept as true that Cave has filed multiple grievance, that his multiple grievances went unanswered, and that he has adequately exhausted his administrative remedies as required by law. The Court should not "assume" he has failed to do so, as the Defendant asks. *See* [DE 31] at 16. The Defendant bears the burden of proving that the Plaintiff has failed to exhaust his available administrative remedies. *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). Discovery has just begun in this matter, and the Defendant has failed to make any factual assertions other than to cite statutes that the State of Florida requires an inmate grievance procedure. *See* [DE 31] at 12; *see Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) ("First, the court looks to the factual allegations in the defendant's motion to dismiss…."). The Defendant *assumes* that Everglades CI provides inmates with a proper grievance procedure simply because state law requires it. *See*

[DE 31] at 13 ("Each institution ensures all inmates have access to the grievance procedure, including providing assistance through the institution's library if requested. See §33-103.001(2)"). Nowhere does the Defendant make any properly supported factual assertion that Cave failed to exhaust his remedies. Therefore, the Defendant's motion should be denied.

Moreover, the issue of whether notice under § 768.28(6)(a) was timely given should be raised by answer or judgment on the pleadings, not a motion to dismiss. *Cabral v. City of Miami Beach*, 76 So. 3d 324, 326 (Fla. 3d DCA 2011). Rule 1.120(c) of the Fla. R. Civ. P. states that "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." After the plaintiff alleges performance of conditions precedent to a lawsuit, the burden then shifts to the defendant to deny with specificity and particularity that the required notices were given, and to present this issue to the trial court in the context of a summary judgment motion or motion for judgment on the pleadings. *Cabral*, 76 So. 3d at 327. Rowe has failed to meet its burden, procedurally or factually. *See* [DE 31] at 8-12.

        D.      **Cave Is Entitled To Punitive Damages.**

Cave is entitled to punitive damages in this matter as punitive damages could be awarded for reckless indifference to an inmate's federal protected rights. *See Smith v. Wade*, 461 U.S. 30, 51 (1983). Punitive damages may be awarded *not only* for "actual malicious intent," but also for "recklessness" *See id.* at 49 ("While, *arguendo*, an intent standard may be easier to understand and apply to particular situations than a recklessness standard, we are not persuaded that a recklessness standard is too vague to be fair or useful.") Here, Rowe in bad faith refused to provide pain relief, an ambulance, or an outside referral to the emergency room while in a life-threatening condition. As argued above, Cave has pled sufficient factual allegations to establish

deliberate and/or reckless indifference on the part of Rowe.  Therefore, the Court should deny the Defendant's motion to strike pursuant to Fed. R. Civ. P. 12(f).

V.     **CONCLUSION**

For all of the asserted facts and permissible inferences that must be construed in the Plaintiff's favor, Cave has sufficiently plead a plausible claim for deliberate indifference and willful or wanton negligence.  Cave sufficiently alleged that Rowe denied medical treatment for non-medical purposes.  Rowe denied medical treatment due to Wexford's practice or policy of lowering its operating costs.  Taking into account Cave's serious medical needs, Rowe's actions were a wanton infliction of pain.  Many detailed assertions are made and causation is properly asserted in the pleadings.   A reasonable inference can be made from the facts that any scienter element is also satisfied.  Finally, Rowe was acting under color of authority by working in the medical unit at Everglades CI on behalf of the FDOC.  For the foregoing reasons, the Plaintiff requests that the Defendant's motion to dismiss be denied with respect to all counts.

Date: July 18, 2018                                                  Respectfully Submitted,
                                                                     ALEX M. CAVE
                                                                     By his attorney,

                                                                     /s/ Emir Sehic
                                                                     FL Bar #: 0108914
                                                                     BBO# 687938
                                                                     SEHIC LAW, PLLC
                                                                     P.O. Box 2071
                                                                     Dennis, MA 02638
                                                                     Tel: (774) 722-5517
                                                                     Fax: (774) 221-6001
                                                                     esehic@sehiclaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that this document was filed with the Clerk of Court through the CM/ECF system this July 18, 2018.  I also certify that the foregoing document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) or in some other authorized manner for those counsel or parties who are not authorized to received electronic Notice of Electronic Filing.

                                      /s/ Emir Sehic
                                      FL Bar #: 0108914